**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **NILDAMARI FRAGUADA SIFUENTES,** | |
| Plaintiff, | |
| v. | CIVIL NO. __26-1245__ |
| **SERGIO GONZALEZ SOLIS,** | |
| Defendant. | |

### NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW defendant Sergio Gonzalez Solis, in his official capacity, and the United States of America,[1] by and through the undersigned attorney, to respectfully state and pray as follows:

1.    Sergio Gonzalez Solis ("Mr. Gonzalez") is the defendant in the above-captioned civil action, which was initiated in the Court of First Instance Commonwealth of Puerto Rico, Superior Court, Judicial District Caguas, Case Number CG2026CV00095. No trial has yet been held in the action.

2.    The above-captioned civil action was commenced against Mr. Gonzalez, a federal officer and permanent employee of the U.S. Customs and Border Protection ("CBP"). The CBP is an agency of the United States of America.

3.    Translated copies of the pleading served on Mr. Gonzalez is attached hereto. See *Complaint*, Attachment 1.

---

[1] The United States appears as, in due course, it will file a Motion to Partially Substitute Party with regards to plaintiff's claims against Sergio Gonzalez Solis stemming from the incident described in paragraphs 8-13 of the Complaint.

1

4.      Mr. Gonzalez is being sued by the plaintiff for, *inter alia*, actions taken while acting under the color of office. See Attachment 1 at ¶¶ 8-13. Plaintiff alleges that Mr. Gonzalez is liable for making false accusations against her both in the workplace and in state court, when he procured a protective order against her. She seeks damages from him in state court under Article 1538 of the Puerto Rico Civil Code (torts). See Attachment 1 at ¶ 32.

5.      A federal officer, or a person acting under the direction of a federal officer, is entitled to removal under 28 U.S.C. § 1442(a)(1) whenever a civil action or criminal prosecution is commenced against him "for or relating to any act under color of such office[.]" The "color of office" test is satisfied if there is a "causal connection" between the charged conduct and asserted official authority, Willingham v. Morgan, 395 U.S. 402, 409 (1969).

6.      The plaintiff's claim relates, in part, to actions by the defendant under color of office, and the allegations establish a causal connection between the defendant's performance of official duties as a federal officer and the plaintiff's civil action. See Attachment 1 at ¶¶ 8-13.

7.      Congress has provided a statutory immunity from state law claims in 28 U.S.C. § 2679(b). Under that provision, the exclusive remedy for the negligent or wrongful act or omission of an employee of the United States acting in the scope of office or employment shall be an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (2012) ("FTCA").

8.      Congress also provided in 28 U.S.C. § 2679(d)(2) that upon certification by the Attorney General that an employee acted within the scope of office or employment at the time of the incident out of which the plaintiff's claim arose, any civil action or proceeding

2

commenced upon that claim in a State court shall be removed without bond at any time *before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. The civil action or proceeding shall then be deemed to be an action or proceeding against the United States under the FTCA, and the United States shall be substituted as the party defendant. Congress also provided in § 2679(d)(2) that "[t]his certification of the Attorney General shall *conclusively* establish scope of office or employment for purposes of removal." (Emphasis ours).

9.      The Attorney General has delegated authority to certify scope of office or employment under § 2679 to the United States Attorneys and to the Directors of the Torts Branch of the Department of Justice Civil Division. See 28 C.F.R. § 15.4(a). Filed with this Notice of Removal is a Certification by the United States Attorney for the District of Puerto Rico that defendant Mr. Gonzalez was acting in the scope of office or employment at the time of the incident out of which some of the plaintiff's claims arose. Specifically, Mr. Gonzalez was acting in the scope of his federal employment when he filed an administrative complaint with CBP Management notifying the agency of plaintiff's misconduct. See Attachment 1 at ¶¶ 8-13.

10.      When a plaintiff's individual claim, taken separately, encompasses multiple incidents involving the defendant federal employee, "certification is properly done at least down to the level of individual claims and not for the entire case viewed as a whole." Lyons v. Brown, 158 F.3d 605, 607 (1st Cir. 1998). Hence, the United States Attorney may certify "some claims but not others." Id. (citations omitted).

11.     Upon removal, the court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over plaintiff's state law claims against Mr. Gonzalez in his individual capacity and related to his alleged pursuit of a protective order against her in state court. See Attachment 1 at ¶¶ 16-26.

12.     Accordingly, this action must be deemed to be an action against the United States for purposes of the plaintiff's state law claims related to actions Mr. Gonzalez undertook in his official capacity, and it is therefore removed under 28 U.S.C. § 2679(d)(2). See Osborn v. Haley, 549 U.S. 225 (2007).

13.     A copy of this Notice of Removal is being notified by certified mail to Plaintiff's address of record and Mr. Gonzalez, and further, a copy thereof will be filed with the Clerk of the First Instance Court of the Commonwealth of Puerto Rico, Superior Court of Caguas, all pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, it is respectfully requested from this Honorable Court that the above captioned civil action be removed from the First Instance Court of the Commonwealth of Puerto Rico, Superior Court of Caguas, to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2).

I HEREBY CERTIFY, that on this date a true copy of the foregoing Notice of Removal and related documentation shall be mailed to (i) Plaintiff's Counsel at the Lopez Toro Estudio de Derecho & Notaría at PO Box 635, Rio Grande, PR, 00745, and through her e-mail address of: estudiolopeztoro@aol.com, and (ii) Sergio Gonzalez Solis at 67 Vistalago, Calle La Plata Gurabo, PR 00778, and through his e-mail addresses of: sergio.gonzalersolisl@gmail.com and sergio.gonzalezsolis@cbp.dhs.gov.

RESPECTFULLY SUBMITTED.

4

In San Juan, Puerto Rico, this 27th day of April 2026.

W. STEPHEN MULDROW
United States Attorney
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico, 00918

*s/Priscila M. Acevedo*
PRISCILA M. ACEVEDO
Assistant United States Attorney
USDC-PR No. 307301
Tel: 787-282-1847
Email: priscila.acevedo@usdoj.gov