COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR COURT, CAGUAS PART

| | |
|---|---|
| NILDAMARI FRAGUADA SIFUENTES | CASE NO. |
| Plaintiff | |
| v. | Re:<br>Damages,<br>Malicious Prosecution, |
| SERGIO GONZALEZ SOLIS | Slander and Libel |
| Defendant | |

## **COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the plaintiff, Nildamari Fraguada Sifuentes, through the undersigned legal counsel and very respectfully states, alleges, and prays as follows:

1. The plaintiff is Nildamari Fraguada Sifuentes, of legal age and with legal capacity to sue and be sued. Her mailing address is PO Box 260, Gurabo, Puerto Rico 00778 and her place of residence is Los Sueños Development, No. 152 Compartir Street, Gurabo, Puerto Rico 00778.

2. Fraguada Sifuentes works as a paralegal for U.S. Customs and Border Protection (hereinafter, "CBP"), which is a career position in the federal government with a GS12-4 classification.

3. The defendant is Sergio González Solís, of legal age and with legal capacity to sue and be sued. His home address is unknown, but based on his own representations he is a resident of Gurabo, Puerto Rico.

4. González Solís is an attorney by profession and the Fines, Penalties, and Forfeitures

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam García*

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

1

CG2026CV00095   01/14/2026 03:06 pm Entry No. 1 Page 2 of 7

Officer (hereinafter, "FPFO") at CBP, a career position in the federal government.

5.      As of the dates relevant to this claim, Fraguada Sifuentes's direct supervisor was María Elena González, who held the position of acting Paralegals Supervisor, and her second-line supervisor was González Solís, the FPFO.

6.      In September 2024, Fraguada Sifuentes contacted the CBP Equal Employment Opportunity Officer. She complained and received guidance about acts of retaliation carried out by González Solís, against whom a coworker and friend of Fraguada Sifuentes had filed a sexual harassment complaint. Fraguada Sifuentes complained of several specific situations, all of which were aimed at creating a hostile work environment in violation of the laws that prohibit retaliation.

7.      In December 2024, Paralegals Supervisor María Elena González asked González Solís for information about the specific actions he had taken to address Fraguada Sifuentes's most recent complaint, because she knew that nothing had been resolved. [She] told [him] that she had already informed their boss, the Ports Director, that the work environment in the area was not healthy. [She] had noticed that almost all the employees in the area received assistance under the Employee Assistance Program (EAP) precisely because of the poor management of the numerous issues that existed in the workplace, causing a risky and unhealthy work environment, and if nothing had been done she would then proceed to conduct an investigation.

8.      According to González Solís, on January 14, 2025, he received an email from Supervisor María Elena González in which she allegedly warned him that Fraguada Solís [sic] had threatened him when expressing her discomfort, saying that, if necessary, "she would take her gun and do justice by her own hand."

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

2

9.      That same day, January 14, 2025, González Solís filed an administrative complaint with the CBP Management accusing Fraguada Sifuentes of having threatened him.

10.     González Solís's complaints in relation to Fraguada Sifuentes are unfounded and false, based on distorted interpretations of the situation—a risky and unhealthy work environment fed by the administrative inaction of González Solís himself. Without sufficient legal grounds, with a serious contempt for truth, and fully aware of their falseness, the CBP Management was informed of these false complaints with the purpose of injuring Fraguada Sifuentes's reputation and punishing her in retaliation for the various complaints she had already filed and which made González Solís the focus of investigation.

11.     The following day, January 15, 2025, at 10:12 am, Fraguada Sifuentes received a "Memorandum of Instruction" signed by Lee Meléndez, Assistant to the Ports Director, informing her that the Management had received allegations that Fraguada Sifuentes had made verbal comments alluding to harming another CBP employee, that is, a threat. The memorandum notified Fraguada Sifuentes that she was the subject of an investigation due to allegations of misconduct and, if she had engaged in said conduct, she was ordered to cease and desist immediately.

12.     Fraguada Sifuentes's access to customs in La Puntilla and other CBP work areas was immediately restricted and she was sent home to telework until she received a reassignment.

13.     The Memorandum of Instruction concluded by recommending that Fraguada Sifuentes seek help from the EAP.

14.     Fraguada Sifuentes never made nor has made threatening comments in relation to her coworkers at CBP or in relation to Gonzáles [sic] Solís.

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

3

15.     The Memorandum of Instruction does not identify the complainant, but it is believed to be González Solís, based on his own representations.

16.     Still not satisfied with the administrative actions he had already been able to set in motion against Fraguada Sifuentes, that same day, January 15, 2025, at 11:53 am, González Solís swore to a petition for protective order under the Puerto Rico stalking act in the Investigations Courtroom of the Caguas Judicial Center. González Solís alleged under oath that Fraguada Sifuentes was his neighbor, that she had a firearm, that she had said [she would] "take justice into her own hands," and that he feared for his safety and that of his family.

17.     González Solís made the accusations included in the petition for protective order maliciously, without sufficient legal grounds or probable cause, with a serious contempt for truth, and knowing they were false.

18.     González Solís's motive was revenge since, due to his own administrative mediocrity, he had encouraged an unhealthy and risky work environment that had been exposed as a result of María Elena González's December 2024 email and Fraguada Sifuentes's prior administrative complaints.

19.     González Solís chose not to tell the court that his relationship with Fraguada Sifuentes was work-related, not personal; that he was her supervisor; that she had filed a formal administrative complaint for retaliation against him; and that, right before requesting the protective order, CBP had already issued a cease and desist order, immediately removing Fraguada Sifuentes from the workplace.

20.     He did not tell the court either that the workplace was unhealthy and most of the employees were receiving assistance from the EAP as a result of González Solís's own poor

I hereby certify that this is a true and accurate translation to the best of my abilities.

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

4

management in relation to the numerous issues that existed in the workplace, which caused a risky and unhealthy work environment.

21.     What González Solís expressed to the court under oath, in its proper context considering what he also chose not to say, was done with the specific intent to injure Fraguada Sifuentes's reputation and undermine her credibility in order to have an advantage in the administrative processing of the retaliation complaint for hostile environment and to continue punishing her, this time with a quasi-criminal proceeding against her.

22.     González Solís knew and expected that his request for a protective order would be granted, since it is an ex parte proceeding. He also knew and expected that, once it was granted, the CBP and the general public would learn about the protective order.

23.     At 2:12 pm on January 15, 2025, Judge Vanessa Z. Rozo Ortega from the Caguas Municipal Court issued the ex parte protective order requested by González Solís.

24.     Fraguada Sifuentes was given notice of the ex parte order on January 15, 2025, at 7:00 pm by officers of the Puerto Rico Police Department. The police officer who served the order also proceeded to disarm Fraguada Sifuentes, seizing her firearms carry permit, her firearm, and all ammunition.

25.     The ex parte protective order was void, as it did not include a date for the initial hearing. It was the plaintiff herself, Fraguada Solís [sic], who personally made the arrangements with the Caguas Court to have the initial hearing scheduled. Once the hearing was scheduled, the court issued a new amended ex parte order to include the hearing date and indicate that the ex parte order was in effect until the date scheduled for the initial hearing.

I hereby certify that this is a true and accurate translation to the best of my abilities.

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

5

26.     The initial hearing was held on January 24, 2025. After hearing the evidence, Judge Karim Díaz Pérez from the Caguas Municipal Court issued a Resolution denying the petition due to a lack of "sufficient grounds."

27.     The motive behind González Solís's reckless, malicious, and culpable actions was the wish to expose Fraguada Sifuentes to the hate and scorn of her coworkers [and] the general public, punish her as revenge, undermine her credibility, destroy her reputation, and cause detriment in her employment, threatening her career position and, therefore, her property and livelihood.

28.     Due to González Solís's actions, the plaintiff has still not been given access to La Puntilla, and since January 15, 2025, she has continued working outside her area, performing duties that are not those of a paralegal, which has also prevented her from receiving financial rewards for her work, as she usually did.

29.     González Solís's reckless, malicious, and culpable actions configure a cause of action for malicious prosecution, slander and libel, and damages.

30.     Defendant González Solís is liable for all the damage caused by his negligent and/or culpable actions and/or omissions described above, including all the moral and economic damage sustained by plaintiff Fraguada Sifuentes.

31.     The damage sustained by plaintiff Fraguada Sifuentes is estimated at $550,000.

32.     For having acted maliciously, with a serious contempt for the plaintiff's property, and with the express intent of causing the plaintiff harm, it is in order to punish González Solís for his conduct by imposing punitive damages, that is, ordering him to pay the additional compensation provided in Article 1538 of the Puerto Rico Civil Code.

33.     Furthermore, the payment of attorney's fees is requested and appropriate.

I hereby certify that this is a true and accurate translation to the best of my abilities.

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

6

**IN WITNESS WHEREOF**, we very respectfully request that, after the corresponding legal proceedings, this Court grant the complaint herein and order the requested remedies along with any others that may be applicable and pertinent at law or in equity.

Respectfully submitted, on January 14, 2026.

> **LOPEZ TORO**
> **Law and Notary Services Office**
> PO Box 635
> Río Grande, Puerto Rico 00745
> Tel. 787-957-2640, Mobile 787-646-5395
> ESTUDIOLOPEZTORO@aol.com
>
> *Signed by Bámily López Ortiz*
> **Bámily López Ortiz**
> P.R. Supreme Court Attorney Registry No. 9273
> P.R. Bar Association No. 10511

I hereby certify that this is a true and accurate translation to the best of my abilities.

*Miriam R. García*
Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

7