ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAGUAS

| | |
|---|---|
| NILDAMARI FRAGUADA SIFUENTES | CASO NÚM. |
| Demandante | |
| | Sobre: |
| v. | Daños y Perjuicios, |
| | Persecución Maliciosa, |
| SERGIO GONZALEZ SOLIS | Difamación y Libelo |
| Demandado. | |

## DEMANDA

AL HONORABLE TRIBUNAL:

COMPARECE la parte demandante, Nildamari Fraguada Sifuentes, por la representación legal que suscribe y muy respetuosamente expone, alega y solicita lo siguiente:

1. La parte demandante es Nildamari Fraguada Sifuentes, mayor de edad y con capacidad legal para demandar y ser demandada. Su dirección postal es PO Box 260, Gurabo, Puerto Rico 00778 y es residente de Urb. Los Sueños, Calle Compartir Núm. 152, Gurabo, Puerto Rico 00778.

2. Fraguada Sifuentes trabaja como Paralegal para la Oficina Federal de Aduanas y Protección Fronteriza (en adelante, "CBP", por las siglas en inglés de "Customs and Border Protection"), un puesto de carrera en el gobierno federal con la clasificación GS12-4.

3. La parte demandada es Sergio González Solís, mayor de edad, y con capacidad legal para demandar y ser demandado. Se desconoce su dirección residencial, pero por sus propios dichos es residente de Gurabo, Puerto Rico.

4. González Solís es abogado de profesión y es el Oficial de Multas, Sanciones y Confiscaciones (en adelante, "FPFO", por las siglas en inglés de "Fines,

1

Penalties and Forfeitures Officer") del CBP, un puesto de carrera en el gobierno federal.

5.  Para las fechas pertinentes a esta reclamación la supervisora directa de Fraguada Sifuentes era María Elena González, en un puesto interino de Supervisora de Paralegales, y el supervisor de segunda línea era González Solís, el FPFO.

6.  Para el mes de septiembre de 2024 Fraguada Sifuentes se comunicó con el Oficial de Igualdad de Oportunidades en el Empleo del CBP. Se quejó y recibió orientación en relación con actos de represalias llevados a cabo por González Solís, contra quien· una compañera de trabajo y amiga de Fraguada Sifuentes había radicado una querella de hostigamiento sexual. Fraguada Sifuentes se quejó de varias situaciones específicas, todas dirigidas a crear un ambiente hostil de trabajo en violación a las leyes que prohíben las represalias.

7.  Para el mes de diciembre de 2024 la Supervisora de Paralegales María Elena González le solicitó a González Solís información sobre las acciones específicas que él había llevado a cabo para atender la más reciente querella de Fraguada Sifuentes, ya que sabía que no se había resuelto nada. Le dijo que ya ella le había notificado al jefe de ambos, el Director de Puertos, que el ambiente de trabajo en el área no era saludable. Que se había dado cuenta que casi todos los empleados del área recibían asistencia bajo el Programa de Ayuda al Empleado ("PAE"), precisamente por el pobre manejo de los numerosos asuntos prevalentes en el área de trabajo, provocando un ambiente laboral riesgoso e insalubre. Y que si no se había hecho nada entonces ella procedería a llevar a cabo una investigación.

8.  Según González Solís, el 14 de enero de 2025 recibió un correo electrónico de la Supervisora María Elena González en el que supuestamente le avisaba que Fraguada Solís lo había amenazado a él al expresar su molestia indicando que, de ser necesario, "cogería su pistola y haría justicia, por sus propias manos".

2

9. Ese mismo día, 14 de enero de 2025, González Solís se quejó administrativamente con la Gerencia del CBP denunciando que Fraguada Sifuentes lo había amenazado.

10. Las quejas de González Solís en relación con Fraguada Sifuentes son infundadas y falsas, basadas en interpretaciones tergiversadas de la situación – un ambiente laboral riesgoso e insalubre alimentado por la inacción administrativa del propio González Solís. Sin contar con motivos legales suficientes, con grave menosprecio a la verdad y a sabiendas de su falsedad, estas falsas quejas fueron comunicadas a la Gerencia del CBP con el propósito de dañar la reputación de Fraguada Sifuentes y castigarla en represalia por las varias querellas que ya ella había radicado y que ponían a González Solís en la mira investigativa.

11. Al día siguiente, el 15 de enero de 2025, a las 10:12am, Fraguada Sifuentes recibió un "Memorando de Instrucción" suscrito por Lee Meléndez, Asistente del Director de Puertos, informándole que la Gerencia había recibido alegaciones de que Fraguada Sifuentes había hecho comentarios verbales aludiendo a dañar a otro empleado del CBP, o sea, una amenaza. El memorando notifica que Fraguada Sifuentes es el sujeto de una investigación por alegaciones de mala conducta y que, si llevó a cabo la conducta referida, se le ordena el cese y desiste inmediato.

12. Inmediatamente a Fraguada Sifuentes se le restringió el acceso a la aduana en La Puntilla y a otras áreas de trabajo del CBP, enviándola a su casa a "Telework" hasta tanto recibiera una reasignación.

13. El Memorando de Instrucción concluye recomendándole a Fraguada Sifuentes que busque ayuda con el PAE.

14. Fraguada Sifuentes nunca hizo, ni ha hecho, comentarios de amenaza en relación con compañeros de trabajo en el CBP, ni en relación con Gonzáles Solís.

3

15. El Memorando de Instrucción no identifica al querellante, pero se cree que es González Solís, por sus propios dichos.

16. Todavía inconforme con las acciones administrativas que ya había logrado poner en marcha en contra de Fraguada Sifuentes, el mismo 15 de enero de 2025, a las 11:53 am, González Solís juramentó una petición de orden de protección al amparo de la ley de acecho de Puerto Rico en la Sala de Investigaciones del Centro Judicial de Caguas. González Solís alegó, bajo juramento, que Fraguada Sifuentes era su vecina, que poseía un arma de fuego, que había manifestado "tomar la justicia en sus manos" y que él temía por su seguridad y la de su familia.

17. González Solís hizo las imputaciones contenidas en la solicitud de orden de protección maliciosamente, sin contar con motivos legales suficientes, ni causa probable, con grave menosprecio a la verdad y sabiendo que las mismas eran falsas.

18. La motivación de González Solís es la venganza, ya que por razón de su propia mediocridad administrativa él había fomentado un ambiente laboral insalubre y riesgoso que había quedado al descubierto por razón del correo electrónico de María Elena González de diciembre de 2024, y por las previas querellas administrativas de Fraguada Sifuentes.

19. González Solís escogió no decirle al tribunal que su relación con Fraguada Sifuentes era de índole laboral, no personal, que él era su supervisor, que ella había radicado una querella administrativa formal de represalias contra él y que justo antes de peticionar la orden de protección ya el CBP había emitido una orden de cese y desiste inmediatamente removiendo a Fraguada Sifuentes del área de trabajo.

20. Tampoco le dijo al tribunal que el área de trabajo era insalubre, y que la mayoría de los empleados recibían asistencia del PAE consecuente al pobre manejo que el mismo González Solís había llevado a cabo en relación con los

4

numerosos asuntos prevalentes en el área de trabajo, lo que provocaba un ambiente laboral riesgoso e insalubre

21. Lo que González Solís le comunicó bajo juramento al tribunal, en su debido contexto considerando lo que también escogió no decir, lo hizo con la intención específica de dañar la reputación de Fraguada Sifuentes y menoscabar su credibilidad, para sacar ventaja en el trámite administrativo de la querella de represalias por ambiente hostil y continuar castigándola, esta vez con un procedimiento cuasicriminal en su contra.

22. González Solís conocía y tenía la expectativa que su solicitud de orden de protección sería concedida al ser un procedimiento *ex parte*. De igual manera, conocía y tenía la expectativa que, una vez concedida, la orden de protección sería de conocimiento del CBP y del público en general.

23. A las 2:12 pm del 15 de enero de 2025, la Jueza Vanessa Z. Rozo Ortega del Tribunal Municipal de Caguas emitió la orden de protección *ex parte* solicitada por González Solís.

24. La orden *ex parte* fue notificada a Fraguada Sifuentes el 15 de enero de 2025 a las 7:00 pm por agentes de la Policía de Puerto Rico. El policía que diligenció la orden también procedió a desarmar a Fraguada Sifuentes, incautando su licencia de portación de armas, su arma de fuego, y todas las municiones.

25. La orden de protección *ex parte* era inválida pues no incluía una fecha para la celebración de la vista inicial. Fue la misma demandante, Fraguada Solís, quien personalmente hizo las gestiones con el Tribunal en Caguas para lograr un señalamiento de vista inicial. Una vez señalada la vista, el tribunal emitió una nueva orden *ex parte* enmendada para incluir la fecha del señalamiento e indicando que el término de vigencia de la orden *ex parte* era hasta el día señalado para la vista inicial.

26. El 24 de enero de 2025 se celebró la vista inicial. Escuchada la prueba, la Jueza Karim Díaz Pérez del Tribunal Municipal de Caguas emitió una Resolución denegando la petición por falta de "motivos suficientes".

27. Las acciones temerarias, maliciosas y culposas de González Solís fueron motivadas por el deseo de exponer a Fraguada Sifuentes al odio y desprecio de sus compañeros de trabajo, del público en general, de castigarla en venganza, menoscabar su credibilidad, destruir su reputación y perjudicar su empleo, poniendo en riesgo su puesto de carrera y, por ende, su propiedad y sustento.

28. Por razón de las acciones de González Solís, a la demandante todavía no se le ha dado acceso a La Puntilla y desde el 15 de enero de 2025 sigue trabajando fuera de su área, en otras funciones que no son las de paralegal, lo que también ha impedido que reciba premios económicos por su trabajo, como usualmente hacía.

29. Las acciones temerarias, maliciosas y culposas de González Solís concretan una causa de acción por persecución maliciosa, difamación y libelo y daños.

30. El demandado González Solís responde por todos los daños causados por sus acciones y/u omisiones negligentes y/o culposas antes descritas, incluyendo todos los daños morales y económicos sufridos por la demandante Fraguada Sifuentes.

31. Los daños sufridos por la demandante Fraguada Sifuentes se estiman en $550,000.

32. Por haber actuado maliciosamente, con grave menosprecio a la propiedad de la demandante y con la intención expresa de causarle daño a la demandante, procede que se castigue la conducta de González Solís con la imposición de daños punitivos, esto es, se le condene al pago de la indemnización adicional que provee el Artículo 1538 del Código Civil de Puerto Rico.

33. Además, procede y se solicita, el pago de honorarios de abogado.

6

**EN MERITO DE LO CUAL** muy respetuosamente se solicita que previo el trámite de ley correspondiente este tribunal declare Con Lugar la presente demanda y provea los remedios solicitados con cualquier otro que en ley o en equidad sean aplicables y pertinentes.

Respetuosamente sometido, a 14 de enero de 2026.

**LOPEZ TORO**
**Estudio de Derecho & Notaría**
P.O. Box 635
Río Grande, Puerto Rico 00745
Tel. 787-957-2640, Cel. 787-646-5395
ESTUDIOLOPEZTORO@aol.com

*Fdo. Bámily López Ortiz*
**Bámily López Ortiz**
RUA Núm. 9273
Colegiada Núm. 10511