IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NILDAMARI FRAGUADA SIFUENTES,

    Plaintiff

SERGIO GONZALEZ SOLIS,

    Defendant.

CASE NO.26-cv-1245 JAG

Request for Removal from
Puerto Rico State Court

---

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Nildamari Fraguada Sifuentes, by undersigned attorney and most respectfully requests this Court to remand this action to the Puerto Rico Court of First Instance, Caguas Superior Court, for the following reason:

1.    Plaintiff moves this Court to remand this action to its origin, the Puerto Rico Court of First Instance, Caguas Superior Court, pursuant to 28 USC 1447(c) due to fatal procedural defects in Defendant's removal notice. This action was not removed within the required 30-day window.

2.    On January 14, 2026, Plaintiff filed a complaint against Defendant Sergio Gonzalez Solis, in the Puerto Rico Court of First Instance, Caguas Superior Court, *see prd docket 1-3 and 1-4.*

3.    Defendant was personally served with a copy of the complaint and the court issued summons on January 29, 2026, *see "Moción Sometiendo Emplazamiento Diligenciado", SUMAC 4* and *"Certificación de Diligenciamiento", SUMAC 4-1,* both included as Exhibits herein.

4.      Defendant filed a Notice of Removal in this Court on April 27, 2026, *prd docket 1,* arguing removability pursuant to 28 USC 1442(a)(1).

5.      The procedures to seek removal are set forth in 28 USC 1446. Accordingly, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt" of the "initial pleading" in the removable action, **"or within 30 days after the service of summons upon the defendant...whichever period is shorter"**, 1446(b)(1).

6.      Evidently, the notice of removal was filed approximately two months after Section 1446's 30-day period expired. This is a fatal procedural defect that requires a remand.

7.      As recently as April 22, 2026, the week prior to the filing of the notice of removal, the US Supreme Court held that although the 1446(b)(1) 30-day deadline is not jurisdictional, the statute's text, structure and context does not allow for equitable tolling, *Enbridge Energy v. Nessel,* 608 US _____ (2026). No matter a case's particular circumstances, and in *Enbridge* there were serious public policy considerations, Congress has deprived district courts of the discretion to extend Section 1446(b)(1)'s 30-day deadline based on equitable considerations. The statute ascertains strict mandatory terms, and the structure of 1446(b)(1) "strongly indicates" that Congress did not intend to grant district courts the power to adorn the statute with "unmentioned, open-ended equitable exceptions".

8.      Because the removal was procedurally defective, this Court lacks proper jurisdiction, and the case must be remanded.

9.      Removal to federal court is strictly construed, and any doubts must be resolved in favor of remand.

**WHEREFORE**, plaintiff requests that this case be remanded to the Puerto Rico Court of First Instance, Caguas Superior Court.

**I HEREBY CERTIFY** that this document has been tendered for filing by electronic means and pursuant to FRCP 5(b)(2)(E) and 5(b)(3) and Puerto Rico Local Rule 5(b)(2), receipt of the Notice of Electronic Filing generated by the Court's Electronic Case Filing System constitutes the equivalent of service of the instant motion to all pertinent persons.

Respectfully submitted.

Dated: May 7, 2026.

**LOPEZ TORO**
**Estudio de Derecho**
PO Box 635
Rio Grande, Puerto Rico 00745
Tel. 787-957-2640; Mobile 787-646-6395
ESTUDIOLOPEZTORO@aol.com


*s/Bámily López Ortiz*
**Bámily López Ortiz**