IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NILDAMARI FRAGUADA SIFUENTES, | CASE NO.26-cv-1245 JAG |
| Plaintiff | |
| SERGIO GONZALEZ SOLIS, | Request for Removal from Puerto Rico State Court |
| Defendant. | |

**PLAINTIFF'S SECOND MOTION TO REMAND TO STATE COURT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Nildamari Fraguada Sifuentes, by undersigned attorney and most respectfully requests this Court to remand this action to the Puerto Rico Court of First Instance, Caguas Superior Court, for the following reason:

1.      On May 7, 2026, Plaintiff moved this Court to remand this action to its origin, the Puerto Rico Court of First Instance, Caguas Superior Court, pursuant to 28 USC 1447(c) due to fatal procedural defects in Defendant's removal notice, because the action was not removed within the required 30-day window, *prd docket 9.*

2.      On May 8, 2026, the Government opposed the remand by arguing that the notice of removal was filed under the Westfall Act, 28 USC 2679(d)(2), whereupon the 30-day filing window of 28 USC 1447(c) is inapplicable, *prd docket 10.* The Government argues that under the Westfall Act the Attorney General can file a notice of removal "at any time before trial", 28 USC 2679(d)(2).

3.      Be it as it may, the factual basis of the notice of removal is the Certification issued by USA W. Stephen Muldroow on 4/27/2026 finding that "**Sergio González Solís was an employee of the government acting in the scope of federal office or**

**employment** at the time of the incident out of which part of the plaintiff´s claims arose, specifically, **when he lodged an administrative complaint against plaintiff with U.S. Customs and Border Protection ("CBP") Management complaining of wrongdoing in the workplace**", *prd docket 2-1.*

4.      However, the Certification further clarifies that "**Sergio González Solís was [not] acting within the scope of his employment with respect to his filing the protective order [in State Court] or subsequent related events as alleged**" in the complaint, *prd docket 2-1.*

5.      Plaintiff never included a judicial cause of action against González Solís in his official capacity. The core of Fraguada Sifuentes' judicial claim against González Solís is his action of seeking a protective order from the Puerto Rico State Courts.

6.       More importantly, the specific factual allegations of the complaint include reference to an existing "**formal administrative complaint for retaliation" filed against González Solís,** *Complaint, par. 19, prd docket 1-3 and 1-4.* This formal administrative complaint was filed by Fraguada Sifuentes for the retaliatory acts promoted by her supervisor, González Solís, up to and including the issuance of CBP's cease and desist order that caused her removal from CBP's facilities, ***Nildamari Fraguada v. Kristi Noem, US Department of Homeland Security,*** **Case Number HS-CBP-02564-2024.**

7.      This Title VII administrative complaint followed its due course of investigation, and a Report of Investigation was issued on March 24, 2026, *see, Notice of RoI, Exhibit 1.*  Fraguada Sifuentes chose to continue her claim **administratively** and on April 14, 2026, requested the appointment of an EEOC Administrative Judge pursuant to 29 CFR 1614.108(h), *see Election Form, Exhibit 2.* The case was docketed as **EEOC**

**case number 830-2026-02655X**, and AJ Carlos Chavira, Carlos.Chavira@eeoc.gov, was assigned to the case which at present remains open and pending.

8.      The existence of this EEO process, that is now at the EEOC AJ Hearing stage, is a known fact to the Agency, which is the respondent in the proceedings, as plaintiff's employer, and to defendant González Solís.

9.      Since Fraguada Solís chose to follow the administrative route provided by Title VII for her claims of discrimination and retaliation promoted by González Solís in his supervisory capacity, the only remaining actionable claims against González Solís are in his individual capacity when, notwithstanding the actions taken by the Agency at his behest, he sought further punishment against the plaintiff by requesting a protective order from the Puerto Rico courts. This is precisely the exclusion to "scope of federal employment" that USA Muldrow identified in his Certification, *prd docket 2-1.*

10.     Therefore, plaintiff's judicial claims against González Solís **are not** claims against a federal officer making removability unsupported, pursuant to 28 USC 1442(a)(1) or the Westfall Act.

11.     Because there is no legal basis for removal, this Court lacks proper jurisdiction, and the case must be remanded.

12.     Removal to federal court is strictly construed, and any doubts must be resolved in favor of remand.

**WHEREFORE**, plaintiff requests that this case be remanded to the Puerto Rico Court of First Instance, Caguas Superior Court.

**I HEREBY CERTIFY** that this document has been tendered for filing by electronic means and pursuant to FRCP 5(b)(2)(E) and 5(b)(3) and Puerto Rico Local Rule 5(b)(2),

receipt of the Notice of Electronic Filing generated by the Court's Electronic Case Filing System constitutes the equivalent of service of the instant motion to all pertinent persons.

Respectfully submitted.

Dated: May 12, 2026.

**LOPEZ TORO**
**Estudio de Derecho**
PO Box 635
Rio Grande, Puerto Rico 00745
Tel. 787-957-2640; Mobile 787-646-6395
ESTUDIOLOPEZTORO@aol.com

*s/Bámily López Ortiz*
**Bámily López Ortiz**